Peter J. Pizzi
Christine I. Gannon
WALSH PIZZI O'REILLY FALANGA
LLP One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, New Jersey 07102
Tel.: (973) 757-1100

*Of Counsel:*
Lora M. Friedemann (to be admitted *pro hac vice*)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Tel.: (612) 492-7000

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PAISLEY PARK ENTERPRISES, INC. AND COMERICA BANK & TRUST, N.A. AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PRINCE ROGERS NELSON, <br><br> *Plaintiffs*, <br><br> v. <br><br> DOMAIN CAPITAL, LLC, <br><br> *Defendant*. | Civil Action No. <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> *Filed Electronically* |

Plaintiffs Paisley Park Enterprises, Inc ("Paisley Park") and Comerica Bank & Trust, N.A., as Personal Representative of the Estate of Prince Rogers Nelson ("Personal Representative") (collectively, "Plaintiffs"), hereby bring this Complaint against Defendant Domain Capital, LLC ("Defendant" or "Domain Capital") for violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

**INTRODUCTION**

1.      Prince Rogers Nelson, the international superstar and renowned artist known as "Prince," died on April 21, 2016, at Paisley Park in Chanhassen, Minnesota.  A probate matter for the estate of Prince Rogers Nelson (the "Prince Estate") is pending in Carver County, Minnesota, Court File No. 10-PR-16-46.

2.      Plaintiff Comerica Bank & Trust, N.A. is the Personal Representative of the Prince Estate.  Plaintiff Paisley Park Enterprises, Inc. is a Minnesota corporation that was owned by Prince during his lifetime and is now owned by the Prince Estate.

3.      A prodigious and successful songwriter and musician, Prince wrote and recorded thousands of songs during his lifetime.

**PARTIES**

4.      Comerica Bank & Trust, N.A., is the court-appointed Personal Representative of the Prince Estate.

5.      Paisley Park Enterprises, Inc. is a Minnesota corporation with offices at 7801 Audubon Road, Chanhassen, Minnesota 55317.

6.      On information and belief, Domain Capital, LLC is a Delaware corporation with its principal place of business at 55 North Dean Street, Englewood, New Jersey 07631.

**VENUE AND JURISDICTION**

7.      This is an action for violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

8.     The Court has subject matter jurisdiction under 28 U.S.C. §§ 1121(a), 1331 and 1338(a).

9.     The Court has personal jurisdiction over Defendant because its principal place of business is in New Jersey.

10.    Venue is proper under 28 U.S.C. § 1391(b) and (c).

## FACTS

11.    Prince Rogers Nelson is one of the best-selling artists of all time, having sold over 100 million records worldwide.  Prince was a musical innovator who integrated a wide variety of styles in his work, including funk, rock, R&B, new wave, soul, psychedelia, and pop.  Prince was inducted into the Rock and Roll Hall of Fame in 2004.

12.    Born Prince Rogers Nelson, Prince rose to fame in the late 1970s and early 1980s.

13.    Prince and Paisley Park Enterprises have used the trademark PRINCE® in connection with musical sound recordings, audio visual recordings, phonographic records, audiotapes, compact discs and videotapes embodying musical performances since 1978, and have invested considerable resources to develop brand equity, public recognition, and goodwill in the mark.  Plaintiffs also sell merchandise under the PRINCE® trademark.

14.    Paisley Park Enterprises owns the following United States Trademark Registrations for the PRINCE® trademark:

3

| Reg. No.<br>Reg. Date | Goods/Services |
|---|---|
| 2,151,863<br>April 21, 1998 | Phonograph records, audiotapes, compact discs, and videotapes embodying musical performances. |
| 5,438,807<br>April 3, 2018 | Clothing, namely, hats, headwear, jackets, jerseys, long-sleeved shirts, scarves, short-sleeved or long-sleeved t-shirts, t-shirts, tank tops, featuring the images, words, designs, lyrics, name, or likeness of the famous musician, recording and performing artist known as Prince.<br><br>Entertainment services, namely, non-downloadable ringtones; Entertainment services, namely, providing non-downloadable prerecorded music. |
| 5,344,001<br>November 28, 2017 | Musical sound recordings; audio visual recordings featuring music. |

15.   Since his death in 2016, Prince's world-wide fame has grown as people seek to learn more about the life of an artist who was known for protecting details of his private life while alive.

16.   On information and belief, Domain Capital is a financial services company offering financing and loans relating to the use, sale of, and trade in domain names.

17.   Domain Capital offers domain names for sale on its website, and offers its services to "domain name owners who need a ready source of asset-based working capital" and "[d]omain name owners who wish to acquire premium domain names for their own use or for trade in the domain name aftermarket."

18.   On information and belief, Domain Capital engages in the practice of selling and trafficking in domain names.  As of the date of this Complaint, Domain Capital has forty-three (43) domain names for sale on its website, domaincapital.com.

19.     On information and belief, Domain Capital has, in the past, acquired multiple domain names which Defendant knew were identical or confusingly similar to the trademarks of others, or that were dilutive of famous marks.   On three prior occasions, Domain Capital has been ordered to transfer domain names under the Uniform Domain Dispute Resolution Policy for registration and use of the domain names in bad faith.

20.     On information and belief, Domain Capital enters into lease-back financing agreements with the owners of "premium" domain names, wherein Domain Capital buys the domain from the owner and then leases the domain back to the previous owner. Through the use of a domain lease-back financing agreement, the previous owner of a domain may continue to operate the website while having its true identity shielded from the public.

21.     In a letter dated May 9, 2018, counsel for Domain Capital represented to counsel for Plaintiffs that Domain Capital owns the domain name www.prince.com pursuant to a lease-back financing agreement with an undisclosed third party.

22.     Defendant's domain name www.prince.com is identical to Plaintiffs' registered PRINCE® mark.

23.     As of the date of this Complaint, the site www.prince.com resolves to a blank page, and is thus not being used for a bona fide commercial use.

24.     On information and belief, Domain Capital has never used the domain name in www.prince.com connection with a bona fide offering or any goods or services.

25.     Per its May 9, 2018, letter to Plaintiffs' counsel, Domain Capital does not use www.prince.com for bona fide commercial purposes.  Rather, Domain Capital has leased the domain back to its previous owner so that person's/entity's identity may be shielded from the public.

## COUNT ONE
## Cybersquatting in Violation of 15 U.S.C. § 1125(d)

26.     Plaintiffs incorporate the above allegations.

27.     Defendant owns the website www.prince.com.

28.     Prince Rogers Nelson is the personal name of the famous musician and songwriter, and the trademark PRINCE® is a famous, registered trademark symbolizing Prince Rogers Nelson and his music.

29.     Defendant Domain Capital violated Section 43(d) of the Lanham Act by trafficking in the website www.prince.com with a bad faith intent to profit from Prince Rogers Nelson's personal name and/or the trademark PRINCE®, both of which were distinctive marks and/or famous at the time the Defendant acquired or registered the domain name.

30.     The domain name www.prince.com is identical to, or confusingly similar to, or dilutive of, Plaintiffs' famous personal name and registered and common law trademark rights.

31.     Defendant has no trademark rights in the PRINCE® trademark.

32.     Defendant has acquired multiple domain names that Defendant knew were identical or confusingly similar to marks of others or that were dilutive of famous marks, including www.aspire.com, www.ultimateguitar.com, and www.manhunt.com.

33.     Defendant's arrangement with the lessee/previous owner of www.prince.com has allowed the lessee/previous owner to intentionally shield its identity.

34.     Defendant acted with bad faith intent to profit.

35.     Defendant should be ordered to transfer the domain name www.prince.com to Plaintiffs.

36.     Plaintiffs are entitled to damages under 15 U.S.C. § 1117 consisting of actual damages and profits or, at Plaintiff's election, an award of statutory damages.

## COUNT TWO
## Immediate and Permanent Injunctive Relief

37.     Plaintiffs incorporate the above allegations.

38.     The trademark PRINCE® is owned by Plaintiffs.

39.     The trademark PRINCE® was distinctive and famous at the time Defendant registered or acquired the domain name www.prince.com.  The personal names Prince and Prince Rogers Nelson were also distinctive and famous at the time Defendant registered or acquired the domain name www.prince.com.

40.     Defendant Domain Capital violated Section 43(d) of the Lanham Act by trafficking in the website www.prince.com with a bad faith intent to profit from the domain name.

41.     If Defendant continues to violate Section 43(d) of the Lanham Act, Plaintiffs' interests will be permanently and irreparably damaged further than they already have been.

42.     Plaintiffs are entitled to an immediate and permanent injunction requiring Defendant and all those acting in concert with it to cease violating Section 43(d) of the Lanham Act.

**JURY DEMAND**

43.     Plaintiffs demand a jury trial on all issues so triable.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

1.     Enter judgment in favor of Plaintiffs on their claims against Defendant;

2.     Order Defendant to transfer the domain name www.prince.com to Plaintiffs;

3.     Enter a preliminary and permanent injunction preventing Defendant and all of those acting in concert with them from further violations of the Lanham Act;

4.     Enter judgment in favor of Plaintiffs and against Defendant for all damages in an amount to be determined at trial, including any applicable interest;

5.     Declare this case exceptional under 15 U.S.C. § 1117 and enter an Order in favor of Plaintiffs and against Defendant for all of Plaintiffs' attorneys' fees, costs and expenses incurred herein;

6.     Enter an Order for any such other and further relief as allowed by law or determined to be just and appropriate.

Dated:  July 25, 2018

WALSH PIZZI O'REILLY FALANGA LLP

*s/ Christine I. Gannon*

Peter J. Pizzi
Christine I. Gannon
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, New Jersey 07102
Tel: (973) 757-1100

*Of Counsel:*
Lora M. Friedemann (to be admitted *pro hac vice*)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Tel.: (612) 492-7000

*Attorneys for Plaintiffs*

## RULE 11.2 CERTIFICATION

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiffs that should be joined to this action. In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated:  July 25, 2018                              WALSH PIZZI O'REILLY FALANGA
                                                   LLP

                                                   *s/ Christine I. Gannon*
                                                   Peter J. Pizzi
                                                   Christine I. Gannon
                                                   One Riverfront Plaza
                                                   1037 Raymond Blvd., Suite 600
                                                   Newark, New Jersey 07102
                                                   Tel: (973) 757-1100

                                                   *Of Counsel:*
                                                   Lora M. Friedemann (to be admitted *pro hac
                                                   vice*)
                                                   FREDRIKSON & BYRON, P.A.
                                                   200 South Sixth Street, Suite 4000
                                                   Minneapolis, MN  55402-1425
                                                   Tel.: (612) 492-7000

                                                   *Attorneys for Plaintiffs*

## **RULE 201.1 CERTIFICATION**

Pursuant to Local Civil Rule 201.1, Plaintiffs, through their attorneys certify that

the above-captioned matter is not subject to compulsory arbitration because, *inter alia*,

Plaintiffs seek injunctive relief.

Dated:  July 25, 2018

WALSH PIZZI O'REILLY FALANGA
LLP

*s/ Christine I. Gannon*

Peter J. Pizzi
Christine I. Gannon
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, New Jersey 07102
Tel: (973) 757-1100

*Of Counsel:*
Lora M. Friedemann
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Tel.: (612) 492-7000

*Attorneys for Plaintiffs*