Peter J. Pizzi
Christine I. Gannon
WALSH PIZZI O'REILLY FALANGA
LLP One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, New Jersey 07102
Tel.: (973) 757-1100

*Of Counsel:*
Lora M. Friedemann (to be admitted *pro hac vice*)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Tel.: (612) 492-7000

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAISLEY PARK ENTERPRISES, INC. AND COMERICA BANK & TRUST, N.A. AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PRINCE ROGERS NELSON,<br><br>*Plaintiffs*,<br><br>v.<br><br>DOMAIN CAPITAL, LLC,<br><br>*Defendant*. | Civil Action No. 2:18-cv-12044 (JMV-JBC)<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>*Filed Electronically* |

Plaintiffs Paisley Park Enterprises, Inc ("Paisley Park") and Comerica Bank & Trust, N.A., as Personal Representative of the Estate of Prince Rogers Nelson ("Personal Representative") (collectively, "Plaintiffs"), hereby bring this Amended Complaint against Defendant Domain Capital, LLC ("Defendant" or "Domain Capital") for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

## INTRODUCTION

1. Prince Rogers Nelson, the international superstar and renowned artist known as "Prince," died on April 21, 2016, at Paisley Park in Chanhassen, Minnesota. A probate matter for the estate of Prince Rogers Nelson (the "Prince Estate") is pending in Carver County, Minnesota, Court File No. 10-PR-16-46.

2. Plaintiff Comerica Bank & Trust, N.A. is the Personal Representative of the Prince Estate. Plaintiff Paisley Park Enterprises, Inc. is a Minnesota corporation that was owned by Prince during his lifetime and is now owned by the Prince Estate.

3. A prodigious and successful songwriter and musician, Prince wrote and recorded thousands of songs during his lifetime.

## PARTIES

4. Comerica Bank & Trust, N.A., is the court-appointed Personal Representative of the Prince Estate.

5. Paisley Park Enterprises, Inc. is a Minnesota corporation with offices at 7801 Audubon Road, Chanhassen, Minnesota 55317.

6. On information and belief, Domain Capital, LLC is a Delaware corporation with its principal place of business at 55 North Dean Street, Englewood, New Jersey 07631.

## VENUE AND JURISDICTION

7. This is an action for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

8. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1121(a), 1331 and 1338(a).

9. The Court has personal jurisdiction over Defendant because its principal place of business is in New Jersey.

10. Venue is proper under 28 U.S.C. § 1391(b) and (c).

## FACTS

11. Prince Rogers Nelson is one of the best-selling artists of all time, having sold over 100 million records worldwide. Prince was a musical innovator who integrated a wide variety of styles in his work, including funk, rock, R&B, new wave, soul, psychedelia, and pop. Prince was inducted into the Rock and Roll Hall of Fame in 2004.

12. Born Prince Rogers Nelson, Prince rose to fame in the late 1970s and early 1980s.

13. Prince and Paisley Park Enterprises have used the trademark PRINCE® in connection with musical sound recordings, audio visual recordings, phonographic records, audiotapes, compact discs and videotapes embodying musical performances since 1978, and have invested considerable resources to develop brand equity, public recognition, and goodwill in the mark. Plaintiffs also sell merchandise under the PRINCE® trademark.

14. Paisley Park Enterprises owns the following United States Trademark Registrations for the PRINCE® trademark:

| Reg. No. Reg. Date | Goods/Services |
|---|---|
| 2,151,863 April 21, 1998 | Phonograph records, audiotapes, compact discs, and videotapes embodying musical performances. |
| 5,438,807 April 3, 2018 | Clothing, namely, hats, headwear, jackets, jerseys, long-sleeved shirts, scarves, short-sleeved or long-sleeved t-shirts, t-shirts, tank tops, featuring the images, words, designs, lyrics, name, or likeness of the famous musician, recording and performing artist known as Prince.<br><br>Entertainment services, namely, non-downloadable ringtones; Entertainment services, namely, providing non-downloadable prerecorded music. |
| 5,344,001 November 28, 2017 | Musical sound recordings; audio visual recordings featuring music. |

15. Since his death in 2016, Prince's world-wide fame has grown as people seek to learn more about the life of an artist who was known for protecting details of his private life while alive.

16. On information and belief, Domain Capital is a financial services company offering financing and loans relating to the use, sale of, and trade in domain names.

17. Domain Capital offers domain names for sale on its website, and offers its services to "domain name owners who need a ready source of asset-based working capital" and "[d]omain name owners who wish to acquire premium domain names for their own use or for trade in the domain name aftermarket."

18. On information and belief, Domain Capital engages in the practice of selling and trafficking in domain names. As of the date of this Amended Complaint,

Domain Capital has forty-three (43) domain names for sale on its website, domaincapital.com.

19.     On information and belief, Domain Capital has, in the past, acquired multiple domain names which Defendant knew were identical or confusingly similar to the trademarks of others, or that were dilutive of famous marks. On at least three prior occasions, Domain Capital has been ordered to transfer domain names under the Uniform Domain Dispute Resolution Policy for registration and use of the domain names in bad faith.

20.     On information and belief, Domain Capital enters into lease-back financing agreements with the owners of "premium" domain names, wherein Domain Capital buys the domain from the owner and then leases the domain back to the previous owner. Through the use of a domain lease-back financing agreement, the previous owner of a domain may continue to operate the website while having its true identity shielded from the public.

21.     In a letter dated May 9, 2018, counsel for Domain Capital represented to counsel for Plaintiffs that Domain Capital owns the domain name www.prince.com pursuant to a lease-back financing agreement with an undisclosed third party.

22.     The lease-back transaction constitutes "trafficking" under the ACPA. 15 U.S.C. § 1125(d)(1)(E) ("As used in this paragraph, the term 'traffics in' refers to transactions that include, but are not limited to, sales, purchases, loans, pledges, licenses, exchanges or currency, and any other transfer for consideration or receipt in exchange for consideration.").

23. The domain name www.prince.com is identical to Plaintiffs' registered PRINCE® mark, and is dilutive of Plaintiffs' famous PRINCE® mark.

24. "Prince" is the name of the famous musician Prince Rogers Nelson known to the world as "Prince."

25. On information and belief, Domain Capital acted with a bad faith intent to profit from the PRINCE® trademark.

26. Domain Capital's conduct demonstrates several of the factors listed in the ACPA, 15 U.S.C. § 1125(d)(B)(i).

27. Domain Capital has no trademark or intellectual property rights in the domain name prince.com. The domain name resolves to a blank page, and is not being used for a bona fide commercial use.

28. On information and belief, Domain Capital has never used the domain name prince.com in connection with a bona fide offering or any goods or services, and has no intention of using the domain name with the bona fide offering of any goods or services.

29. Per its May 9, 2018, letter to Plaintiffs' counsel, Domain Capital does not use prince.com for bona fide commercial purposes. Rather, Domain Capital has leased the domain name prince.com back to its previous owner so that person's/entity's identity may be shielded from the public.

30. Domain Capital is in the business of registering and trafficking in domain names for profit.

31. A broker offered to sell the domain name to the Prince Estate on or around December 6, 2017 for $500,000.

32. The broker refused to reveal the identity of her client.

33. On information and belief, Domain Capital was the registered owner of the domain name prince.com at that time.

## COUNT ONE
## Cybersquatting in Violation of 15 U.S.C. § 1125(d)

34. Plaintiffs incorporate the above allegations.

35. Defendant is the registered owner of the domain name prince.com.

36. Prince Rogers Nelson is the personal name of the famous musician and songwriter, and the trademark PRINCE® is a famous, registered trademark symbolizing Prince Rogers Nelson and his music.

37. Defendant Domain Capital violated Section 43(d) of the Lanham Act by trafficking in the domain name prince.com with bad faith intent to profit from Prince Rogers Nelson's personal name and/or the trademark PRINCE®, both of which were distinctive and famous at the time Domain Capital acquired or registered the domain name.

38. The domain name prince.com is identical to, confusingly similar to, and dilutive of, Plaintiffs' famous personal name and registered and common law trademark rights.

39. Domain Capital has no trademark rights in the PRINCE® trademark.

40. Domain Capital has acquired multiple domain names that Domain Capital knew were identical or confusingly similar to marks of others, or that were dilutive of famous marks, including www.aspire.com, www.ultimateguitar.com, and www.manhunt.com, and has been found to have done so in bad faith in other proceedings.

41. Defendant's arrangement with the lessee/previous owner of the domain name prince.com has allowed the lessee/previous owner to intentionally shield its identity.

42. Domain Capital acted with bad faith intent to profit.

43. Domain Capital should be ordered to transfer the domain name prince.com to Plaintiffs.

44. Plaintiffs are entitled to damages under 15 U.S.C. § 1117 consisting of actual damages and profits or, at Plaintiffs' election, an award of statutory damages.

45. If Domain Capital continues to violate Section 43(d) of the Lanham Act, Plaintiffs' interests will be permanently and irreparably damaged further than they already have been.  Thus, Plaintiffs are also entitled to an immediate and permanent injunction requiring Domain Capital and all those acting in concert with it to cease violating Section 43(d) of the Lanham Act.

## JURY DEMAND

46. Plaintiffs demand a jury trial on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Enter judgment in favor of Plaintiffs on their claims against Defendant;

2. Order Defendant to transfer the domain name www.prince.com to Plaintiffs;

3. Enter a preliminary and permanent injunction preventing Defendant and all of those acting in concert with them from further violations of the Lanham Act;

4. Enter judgment in favor of Plaintiffs and against Defendant for all damages in an amount to be determined at trial, including any applicable interest;

5. Declare this case exceptional under 15 U.S.C. § 1117 and enter an Order in favor of Plaintiffs and against Defendant for all of Plaintiffs' attorneys' fees, costs and expenses incurred herein; and

6. Enter an Order for any such other and further relief as allowed by law or determined to be just and appropriate.

Dated:  September 24, 2018

WALSH PIZZI O'REILLY FALANGA LLP

*s/ Christine I. Gannon*
Peter J. Pizzi
Christine I. Gannon
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, New Jersey 07102
Tel: (973) 757-1100

*Of Counsel:*
Lora M. Friedemann (to be admitted *pro hac vice*)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Tel.: (612) 492-7000
*Attorneys for Plaintiffs*

## RULE 11.2 CERTIFICATION

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiffs that should be joined to this action. In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated:  September 24, 2018                    WALSH PIZZI O'REILLY FALANGA LLP

*s/ Christine I. Gannon*
Peter J. Pizzi
Christine I. Gannon
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, New Jersey 07102
Tel: (973) 757-1100

*Of Counsel:*
Lora M. Friedemann (to be admitted *pro hac vice*)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Tel.: (612) 492-7000

*Attorneys for Plaintiffs*

## RULE 201.1 CERTIFICATION

Pursuant to Local Civil Rule 201.1, Plaintiffs, through their attorneys certify that the above-captioned matter is not subject to compulsory arbitration because, *inter alia*, Plaintiffs seek injunctive relief.

Dated: September 24, 2018                          WALSH PIZZI O'REILLY FALANGA LLP

*s/ Christine I. Gannon*
Peter J. Pizzi
Christine I. Gannon
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, New Jersey 07102
Tel: (973) 757-1100

*Of Counsel:*
Lora M. Friedemann
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Tel.: (612) 492-7000

*Attorneys for Plaintiffs*